UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AMANDA U. AJULUCHUKU,

                   Plaintiff,

-against-

ADECCO USA,

                   Defendant.
------------------------------------------------------------X

05-CV-2254
(SJF)(JO)

**OPINION & ORDER**

FEUERSTEIN, J.

I. Introduction

*Pro se* plaintiff Amanda U. Ajuluchuku ("Ajuluchuku" or "Plaintiff") brings this action against Adecco USA ("Adecco" or "Defendant") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq.* ("Title VII") and the Americans With Disabilities Act, 42 U.S.C. § 12112, *et seq.* ("ADA"), seeking one trillion dollars ($1,000,000,000,000) in damages arising out of Defendant's alleged discrimination based on Plaintiff's disability, race and gender. Plaintiff now moves this Court to transfer the action to the Western District of Washington or, in the alternative, for dismissal. For the reasons set forth below, Plaintiff's motion to transfer is granted.

II. Analysis

28 U.S.C. § 1406(a) vests this Court with the authority to "dismiss, or if it be in the interest of justice, transfer [a] case to any district or division in which it could have been brought." This provision vests broad discretion with the court to transfer a case. In re Cuyahoga Equip. Corp., 980 F.2d 110, 116 (2d Cir. 1992). Plaintiff filed the instant complaint on May 6, 2005, and moved for leave to proceed *in forma pauperis* on May 10, 2005. Before the Court ruled on Plaintiff's application to proceed *in forma pauperis* and, consequently, before a

summons was issued, Plaintiff now moves the Court to transfer this action to the Western District of Washington or, in the alternative, for dismissal. According to Plaintiff, (1) the alleged discriminatory acts occurred in the Western District of Washington, (Pl. Mot. ¶ 1), (2) all of the witnesses reside in the Western District of Washington, (id. ¶ 2), and (3) due to an alleged disability, Plaintiff would not be able to travel to the Eastern District of New York. (Id. ¶ 3). In light of these considerations, the Western District of Washington is a more appropriate venue for this action. 28 U.S.C. § 1391(b); see also In re Cuyahoga Equip. Corp., 980 F.2d at 116. Accordingly, this case is hereby transferred to the United States District Court for the Western District of Washington. 28 U.S.C. §§ 1391(b), 1406(a).

The Clerk of this Court is directed to transfer this case to the United States District Court for the Western District of Washington. A ruling on plaintiff's application to proceed *in forma pauperis* is reserved for the transferee Court. That provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a five day delay is waived. A summons shall not issue from this Court.

IT IS SO ORDERED.

/s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated: July 21, 2005
Central Islip, New York